In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-3289

THE CONWAY FAMILY TRUST, by its trustees Michael H.
Conway III and Phyllis W. Conway,

*Petitioner*,

*v.*

COMMODITY FUTURES TRADING COMMISSION,

*Respondent*.

Petition for Review of an Order of the
Commodity Futures Trading Commission.
No. 12-R002

ARGUED MAY 18, 2017 — DECIDED MAY 25, 2017

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. During October 2008 the
Conway Family Trust lost some $3.6 million trading futures
contracts. Contending that errors by Dorman Trading, LLC,
a futures commission merchant, caused some of these losses,
the Trust asked the Commodity Futures Trading Commission to order Dorman Trading to make reparation. A statute

authorizes the CFTC to provide relief for losses caused by regulated persons' violations of the Commodity Exchange Act, but only if a claim is filed within two years of its accrual. 7 U.S.C. §18(a)(1). The Trust did not present a claim until October 2011, almost three years after it had closed its account with Dorman Trading. The Commission dismissed the claim as untimely.

Within two years of its losses the Trust did make a claim for compensation—not with the Commission but with the National Futures Association, which referred it to arbitration. The panel of arbitrators awarded the Trust some $500,000 against several respondents but ruled in favor of Dorman Trading because the Trust's contract with that entity set a one-year time limit for financial claims. Having lost against Dorman Trading in one forum, the Trust sought a better result from the Commission and contended that the time devoted to pursuing relief through the Association should be subtracted from the two years allowed to seek relief from the Commission. The Trust labeled this request one for equitable tolling, and the Commission rejected it, observing that nothing had prevented the Trust from starting a reparations proceeding earlier.

A litigant who proposes that a statute of limitations be equitably tolled must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016), quoting from *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Trust did not establish either element—indeed, the Trust does not contend that it has done so. The Trust knew about the trading losses as soon as

they occurred but did nothing for almost two years, when it asked the Association rather than the Commission for relief. That's not diligent pursuit of the Commission's processes. And the Trust does not say that *any* circumstance, let alone an extraordinary one, prevented timely filing.

Instead of trying to show how the Supreme Court's requirements for equitable tolling have been satisfied, the Trust contends that the arbitrator erred in applying the time limit in its contract with Dorman Trading. The Trust believes that this supposed error entitles it to a shot with the Commission. This is doubly wrong. First, arbitral awards are not subject to collateral attack; we must assume that the panel's decision is sound. (Awards may be contested on the grounds set out in the Federal Arbitration Act, 9 U.S.C. §10(a), but at oral argument the Trust conceded that none of those applies.) Second, the arbitral award, right or wrong, has nothing to do with equitable tolling. The criteria stated in *Menominee Tribe* concern reasons for delay, not reasons for desiring another round of litigation.

Almost any losing litigant would prefer another shot at victory. We need not consider whether sequential arbitral and reparations proceedings ever are permissible. (Parallel proceedings are not allowed, 17 C.F.R. §12.24(c), but the regulation does not address sequential proceedings.) A litigant who wants to preserve the option of requesting awards from multiple bodies must at a minimum satisfy the time limits that apply to each. The Trust did not do so and must bear the consequences of its choice.

The petition for review is denied.