NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018*
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3055

| | |
|---|---|
| DAVID HURN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 17-1200 |
| | |
| MACY'S, INCORPORATED, | Michael M. Mihm, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

David Hurn brought several employment-related claims in arbitration against his former employer, Macy's, Inc. The arbitrator entered an award for Macy's. Hurn challenged that award in the district court, and the district judge confirmed it. Because nothing in the record supports a valid ground for vacating the award, we affirm.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Hurn first complains that the arbitrator disallowed one of his questions during the hearing. He represented himself at arbitration, and Macy's was represented by Julie Avins, Macy's Vice President of Associate Relations. The arbitration agreement stipulates that if Hurn was not represented by a lawyer, then Macy's was not to be represented by one either. Hurn maintains (though there is no transcript, recording, or affidavit to confirm his allegations) that at the hearing he asked Avins if she was a lawyer, and the arbitrator ruled that Avins need not answer the question.

The arbitrator's evidentiary ruling is not a reason to vacate his decision. We will vacate an award only on the grounds stated in the Federal Arbitration Act, 9 U.S.C. § 10. *Conway Family Tr. v. CFTC*, 858 F.3d 463, 464 (7th Cir. 2017). The only ground for vacating the award that is potentially relevant to this ruling is from section 10(a)(3). This provision authorizes a district court to vacate an award if the arbitrator is "guilty of … refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." But whether Avins is a lawyer is not "pertinent and material to the controversy" because that question does not speak to the "ultimate issue" of Hurn's workplace claims. *Flender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 280–81 (7th Cir. 1992). And the arbitrator's ruling that Avins need not say if she was an attorney was not "misbehavior" under § 10(a)(3) because it was the kind of procedural decision about representation that arbitrators may permissibly make. *See Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, 876 F.3d 900, 902 (7th Cir. 2017) (arbitrator's decision not to disqualify party's representation because of potential conflict was not "misbehavior"). Finally, because Hurn presented no evidence that Avins *is* a lawyer (and Macy's tells us that she is not), the ruling was not prejudicial.

Second, Hurn argues that vacatur is warranted because, he alleges, the arbitrator fell asleep during the hearing and needed to be awakened to hear testimony, but these allegations also are insufficient to vacate the award. We will ignore that Hurn has offered no evidence of what happened at the arbitration. By his own description of the events, Hurn waited for the arbitrator to wake up before presenting evidence. That implies that the arbitrator *was* awake to hear his evidence. But even if the arbitrator missed something, Hurn does not say what that was. Thus he again has not shown that the arbitrator's sleeping was prejudicial, 9 U.S.C. § 10(a)(3), or that he "so imperfectly executed" his powers, 9 U.S.C. § 10(a)(4), that vacatur is warranted.

Last, Hurn broadly challenges the arbitrator's ultimate award as unjustified by the evidence, and he accuses the arbitrator of bias. But under the Act, we may not

engage in a plenary review of the sufficiency of evidence supporting the arbitrator's decision. *Hyatt Franchising*, 876 F.3d at 902. And to show bias, Hurn points to only an adverse ruling, but an adverse ruling alone is not "direct, definite, and demonstrable bias" sufficient to constitute "evident partiality." *See* 9 U.S.C. § 10(a)(2); *Harter v. Iowa Grain Co.*, 220 F.3d 544, 556–57 (7th Cir. 2000).

We have considered Hurn's remaining arguments, and none has merit.

AFFIRMED